**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:  John C. Atkin, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
Tel: (609) 896-3600
Fax: (609) 896-1469
jatkin@foxrothschild.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE subscriber assigned IP address 73.178.72.98,<br><br>　　　　　Defendant. | Civil Action No. 3:18-cv-02751-PGS-TJB<br><br>[~~PROPOSED~~] ORDER |

**THIS MATTER** having been opened to the Court by John C. Atkin, Esq., on behalf of Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), on a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference; it appearing that Defendant has not yet been served in this matter; the Court having considered Plaintiff's written submissions in connection with the motion pursuant to Federal Rule of Civil Procedure 78, and for good cause shown,

**IT IS** on this 3rd day of April, 2018,

**ORDERED** that Plaintiff may serve the Internet Service Provider ("ISP") with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint [ECF No. 1-1]; and

**IT IS FURTHER ORDERED** that Plaintiff shall attach to any such subpoena a copy of this Order; and

**IT IS FURTHER ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant; and

**IT IS FURTHER ORDERED** that if the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant; and

**IT IS FURTHER ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint [ECF No. 1].

By: *[signature]*
The Honorable Tonianne J. Bongiovanni
United States Magistrate Judge

The Clerk of the Court is directed to terminate Docket Entry No. 4.